IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02223-DME-KLM

ANTHONY LEE ARCHIBEQUE,

    Plaintiff,

v.

COMMANDER JOHN DOE GLANZ,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion to Stay Proceedings Pending Determination of Entitlement to Qualified Immunity** [Docket No. 14; Filed November 23, 2009] (the "Motion to Stay"). Defendant has filed a Motion for Summary Judgment [Docket No. 15; Filed November 23, 2009] asserting several defenses, including the defense of qualified immunity. If granted, the Motion for Summary Judgment would resolve the entire case. Defendant requests a stay of discovery until the issues presented in his Motion for Summary Judgment are decided. Plaintiff is proceeding *pro se*. His response to the Motion to Stay was due on or before December 16, 2009, and he has not responded. Accordingly, this matter is ripe for resolution.

    Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed.R.Civ.P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide

that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); see also *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla.2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. See *String Cheese*, 2006 WL 894955, at *2. Plaintiff did not respond to the Motion to Stay, but he undoubtedly wishes to proceed expeditiously with his case. The Court balances that desire against the burden on Defendant of going forward. *Id* Plaintiff's interest in a speedy proceeding is offset by Defendant's burden. Here, Defendant filed a Motion for Summary Judgment which seeks to completely dismiss Plaintiff's claims against him on the ground of immunity, among other defenses. Courts have routinely recognized that a stay of discovery may be appropriate while the issue of immunity is being resolved. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff

is outweighed by the burden on Defendant resulting from conducting and responding to discovery while his Motion for Summary Judgment is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C.Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain defenses should be raised at the outset is to avoid unnecessary litigation); see also *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5. Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED.**

IT IS **FURTHER ORDERED** that discovery is **STAYED** until such time as the Motion for Summary Judgment is resolved.

IT IS **FURTHER ORDERED** that the Scheduling Conference set in this matter for

January 14, 2010, at 10:00 a.m. is **VACATED**.  It will be re-set if appropriate upon the Court's resolution of the Defendant's Motion for Summary Judgment.

IT IS **FURTHER ORDERED** that the Court *sua sponte* extends Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment [#15] to **January 6, 2010**. Plaintiff is forewarned that despite his *pro se* status, his failure to comply with this Order and file a timely Response is likely to increase the possibility that summary judgment may be entered against him.

Dated:  December 17, 2009

                                        BY THE COURT:
                                        s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix