IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02223-DME-KLM

ANTHONY LEE ARCHIBEQUE,

    Plaintiff,

v.

COMMANDER JOHN DOE GLANZ,

    Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion for Summary Judgment** [Docket No. 15; Filed November 23, 2009] ("Defendant's Motion"). Plaintiff, who is proceeding *pro se*, failed to file a response to Defendant's Motion. Instead, nearly two months after the Motion's filing, Plaintiff filed a **Motion for Summary Judgment** [Docket No. 18; Filed January 11, 2010] ("Plaintiff's Motion") purporting to respond to Defendant's Motion, but not containing any evidence or verified statements. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the Motions have been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. As such, the Court recommends that Defendant's Motion be **GRANTED** and that Plaintiff's Motion be **DENIED as moot**.

## I. Factual and Procedural Background

    On September 11, 2009, Plaintiff filed a federal lawsuit pursuant to 42 U.S.C. § 1983 to address the conditions of his arrest and subsequent incarceration at the Weld County

Jail [Docket No. 3]. Of the four initial claims asserted in this Complaint, only one remains. *See Order* [#6] at 9-10. Specifically, Plaintiff alleges that on August 12, 2009, Defendant Glanz retaliated against him and placed him in segregation in violation of his First and Fourteenth Amendment rights. *Complaint* [#3] at 16-17.

The Motion for Summary Judgment was filed by Defendant Glanz and seeks dismissal of Plaintiff's remaining claim on procedural and substantive grounds. Plaintiff did not timely respond to the Motion, nor did he move for an extension of time to do so. Rather, Plaintiff filed his own Motion for Summary Judgment which appears to respond only to the substantive arguments asserted by Defendant, but does not respond to the procedural defects raised by Defendant or assert any independent basis for entry of summary judgment in Plaintiff's favor. As such, the Court considers Plaintiff's Motion to be an untimely response to Defendant's Motion. Given his *pro se* status, to the extent that Plaintiff's Motion is relevant to the issue(s) upon which this Recommendation is based, the Court considers it.

## II. Standard of Review

Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the outcome could be decided in favor of either party. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it could reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the movant does not bear the ultimate burden at trial, as is the case here, he need only satisfy the initial burden of demonstrating the absence of evidence to support the

nonmovant's case. *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the allegations in its pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy his burden of providing specific facts, the nonmoving party must tender affidavits or other competent evidence. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The factual record and inferences therefrom are generally viewed in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). However, to be entitled to preferential review, the nonmoving party must respond to the Motion for Summary Judgment. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.

3

*See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis and Statement of Undisputed Facts

Although Defendant's Motion for Summary Judgment raises multiple substantive arguments in support of dismissal, I find that the Motion may be resolved on the procedural ground submitted by Defendant. Specifically, Defendant argues, and I agree, that the Complaint must be dismissed for Plaintiff's failure to exhaust his administrative remedies. *Defendant's Motion* [#15] at 7-8.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to his remaining claim such that he is barred from bringing this suit pursuant to the PLRA. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 210-212, (2007); *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on the Plaintiff to sufficiently plead exhaustion or attach exhibits proving

4

exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on Defendant to assert a failure to exhaust in his dispositive motion. Here, Defendant's failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his remaining claim was properly exhausted, the Complaint *must* be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165-JWL, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (unpublished decision) (citing *Fields v. Ok. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice).

As a preliminary matter, the prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104-REB-CBS, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (unpublished decision) (citation omitted). Here, the grievance procedures were described in the affidavit of the Bureau Chief of the Weld County Jail, Rick Dill [Docket No. 15-5] as well as the Weld County Jail Inmate Handbook [Docket No. 15-2]. Pursuant to the grievance policy in effect, inmates must grieve any alleged injuries by pursuing a <u>four-step process</u>: (1) the inmate must attempt informal resolution with the housing unit officer; (2) after receiving a response, the inmate must appeal the response to the supervisor; (3) upon completion of the supervisor's review, the inmate must appeal to the deputy chief; and (4) finally, the inmate fully exhausts his administrative remedies by appealing the deputy chief's decision to the bureau chief.

*Affidavit* [#15-5] at 2-3; *Weld County Jail Inmate Handbook* [#15-2] at 40-41.

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to fully exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). While there is a recognized exception to the requirement to exhaust when procedures are not available – e.g, when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance – the circumstances in this case do not appear to fall within that exception. *See id.*

In support of Defendant's Motion, the following facts appear to be undisputed: (1) Plaintiff was familiar with the Weld County Jail's grievance policy as evidenced by his successful use of the grievance process in the past; (2) Plaintiff did not pursue his grievance on the remaining claim through the required four-step grievance process; and (3) Specifically, Plaintiff failed to pursue and complete the fourth step in the process. *Defendant's Motion* [#15] at 5-8. Defendant cites to the grievance history of this issue [Docket No. 15-4] and the affidavit of Mr. Dill, wherein he avers that he never received a step four grievance from Plaintiff. *Affidavit of Rick Dill* [#15-5] at 3. While Plaintiff did file three grievances related to his alleged placement in segregation, he did not pursue the issue to the final step of the grievance process [Docket Nos. 15-1 & 15-4]. *Defendant's Motion* [#15] at 5-7.

I find that Defendant has met his initial burden of demonstrating the absence of evidence to show that Plaintiff satisfied the PLRA exhaustion requirement. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute about his alleged

6

failure to exhaust. A review of Plaintiff's Motion, which is not verified, reveals that he fails to address whether he exhausted his administrative remedies. Instead, he focuses on whether Defendant should be entitled to qualified immunity. While he discusses grievances, he appears to do so in relation to his claim that Defendant retaliated against him for filing earlier grievances. *Plaintiff's Motion* [#18] at 2. Given that Plaintiff did not file any supporting evidence to counter Defendant's affirmative defense that he failed to exhaust, Plaintiff cannot meet this burden. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (noting that the failure to timely respond waives any right to controvert the facts asserted in the dispositive motion); *Brooks v. Johnson*, 07-cv-00417-EWN-MJW, 2008 WL 906839, at **2-3 (D. Colo. Mar. 31, 2008) (unpublished decision) (finding that the plaintiff's failure to provide any evidence that he appealed his grievances required granting summary judgment on the issue of exhaustion).

Even a charitable review of Plaintiff's Complaint does not prompt the Court to reach a different conclusion. In his Complaint, Plaintiff claims that "[s]ome issues are not grievable due to the policy and procedure of this facility, others are grievable, they have been." *Complaint* [#3] at 18. To the extent that Plaintiff claims that he grieved some issues, but not others, he failed to attach any grievances to his Complaint or his Motion indicating which claims he may have exhausted. Further, his statement that certain claims are not capable of being exhausted is not supported by the language of the grievance policy at issue here. Although Plaintiff's Complaint is verified and generally capable of being used as evidence for purposes of summary judgment review, *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988), his statements, without more, are too conclusory and unsupported to establish that factual disputes exist as to whether Plaintiff filed a step-four

7

grievance regarding his remaining segregation and retaliation claim. *See Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990); *Conaway*, 853 F.2d at 792-93; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) (noting that affidavit with merely conclusory allegations is insufficient to withstand a defendant's properly supported motion for summary judgment). With no further evidence before the Court, there is absolutely nothing to refute Defendant's well-supported contention that Plaintiff failed to exhaust his administrative remedies. Therefore, Defendant is entitled to summary judgment as a matter of law. *Reed*, 312 F.3d at 1195.

## IV. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment [#15] be **GRANTED**.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment [#18] (which is actually a response to Defendant's Motion) be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 10, 2010

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix